UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID WOLGAMOTT,<br><br>Plaintiff,<br><br>vs.<br><br>ASBESTOS DEFENDANTS, ET AL.,<br><br>Defendants. | Case No: C 09-5667 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION** |

On December 18, 2008, Plaintiff David Wolgamott ("Plaintiff") filed a civil action against, *inter alia*, Metalclad Insulation Corporation ("Metalclad"). (See Notice of Removal, Docket No. 1.) Plaintiff alleges that he suffers from asbestosis and asbestos related pleural disease as a result of being exposed to asbestos. This alleged exposure includes exposure to asbestos fibers from insulation used in the construction of US Navy ships on which Plaintiff formerly worked as a shipfitter and welder. The insulation with asbestos that allegedly led to Plaintiff's asbestosis and asbestos related pleural disease was provided by Metalclad. (Motion for Removal at 1:21-28.) On December 2, 2009, Metalclad removed the instant action to the Northern District of California pursuant to 28 U.S.C. § 1442. (Id.) On December 21, 2009, the case was assigned to this Court. (Docket No. 15.) On December 29, 2009, Plaintiff filed a Motion to Remand (Docket No. 16) that is scheduled for hearing on April 27, 2010 (Docket No. 17). On January 19, 2010, Plaintiff filed an Affidavit of Prejudice and Certificate of Counsel, pursuant to 28 U.S.C. § 144 and Civil Local Rule 3-15, requesting that this Court be disqualified and this action be assigned to another judge (hereinafter, "motion for disqualification"). (Docket No. 19.) Plaintiff's motion for disqualification is based on his expectation that this Court will issue a stay of this action after the Court receives a

Conditional Transfer Order by the Judicial Panel on Multidistrict Litigation.[1] Plaintiff believes that this Court's issuance of a stay and transfer of his case before the Court rules on his Motion to Remand demonstrates prejudice and bias against his interests.

28 U.S.C. § 144 states in part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists […].

Civil Local Rule 3-15 provides:

> Whenever an affidavit of bias or prejudice is directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legal insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See U.S. v. Azhocar, 581 F.2d 735, 740-41 (9th Cir. 1978). "Adverse rulings do not constitute the requisite bias or prejudice of [section] 144." Id. at 739.

Plaintiff's affidavit states that his expectation regarding this Court's action in Multidistrict Litigation is based on information provided by his counsel. Counsel for Plaintiff, David R. Donadio, represents another plaintiff in a similar asbestos-related action before this Court in which Metalclad is also a named defendant. In that action, Brown v. Asbestos Defendants, et al., C 09-4681 SBA, this Court issued a stay after it received notice from the Judicial Panel on Multidistrict Litigation of a Conditional Transfer Order.

---

[1] On February 4, 2010, the United States Panel on Multidistrict Litigation issued a Conditional Transfer Order in this matter. (Docket No. 20).

As noted, Plaintiff believes that this Court's issuance of a stay of his case, pursuant to a Conditional Transfer Order, before the Court rules on his Motion to Remand demonstrates prejudice and bias against his interests.  Plaintiff is mistaken. The Court is guided in this case, as in all cases, by concerns of judicial economy and fairness to all litigants.  Plaintiff's grievance is not unique among litigants whose action falls within the ambit of Multidistrict Litigation.  In <u>In re Ivy</u>, the Second Circuit addressed Plaintiff's issue in the context of Agent Orange cases. On the topic of pending jurisdictional objections, the Second Circuit said, "[o]nce transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served. We hold, therefore, that the [Multidistrict Litigation] Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending…that objection to be resolved by the transferee court."  <u>In re Ivy</u>, 901 F.2d 7, 9 (C.A.2 (N.Y.), 1990) (internal citations omitted).

Thus, as a matter of law, the Court finds that Plaintiff's affidavit does not allege facts that are grounds for bias or prejudice. Consequently, Plaintiff's affidavit is not legally sufficient. <u>See</u> <u>U.S. v. Sibla</u>, 624 F.2d 864, 867 (9th Cir. 1980) (finding "legally insufficient" affidavit in support of motion under § 144, where affidavit was "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source").

Accordingly, Plaintiff's motion for disqualification is DENIED.

IT IS SO ORDERED.

Dated: 2/10/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge